No. 3343.

(Court of Appeal, Parish of Orleans.)

L'HOTE LUMBER MANUFACTURING CO. vs. JOSEPH DUGUE, ET. AL.

Appeal from Civil District Court, Division "B."

C. F. Claiborne, for Plaintiff; P. M. Milner and K. V. Richard, for Defendant, Jos. Dugue, Appellees.

J. B. Rosser, Jr., for Defendant, Samuel Levy, Appellant.

P. M. Milner, for Fidelity and Deposit Co. of Maryland, Called in Warranty.

1. The bond on the building contract herein binds the surety to the owner for the faithful performance of the contract by the builder, and one of the requirements of the contract is that the builder binds himself at his own expense for all labor, material and other charges.

2. In Hughes vs. Smith, recently decided, the Supreme Court held that a bond similarly conditioned was not such a bond as is required by Act 180 of 1894 to secure the payment of workmen, laborers and mechanics and the furnishers of supplies.

3. It follows that the owner is personally liable to the furnisher of materials used in the building.

DUFOUR, J. The plaintiff, a furnisher of materials, sues Levy, an owner, and Dugue, a contractor, *in solido,* for the price of certain woodwork alleged to have been ordered by Dugue, and to have been used on Levy's building, then in course of erection.

He avers that the building contract was for more than $1000.00, and that Levy, not having required of Dugue the security provided by Act 180 of 1894, has made himself personally liable for the value of the material. Levy called in warranty the Fidelity and Deposit Co. of Maryland, the surety on Dugue's bond.

There was judgment in favor of plaintiff against Dugue for

$933.75 and against Levy for $106.00, and further judgment in favor of Levy and against the Fidelity Co., for $106.00. Dugue, Levy and the Fidelity Co. have appealed, and appellee has not asked for any amendment of the judgment.

The wording of the bond, so far as pertinent to the present issue, is as follows:

"Appearers (the Fidelity Co.) do hereby guarantee to the said Samuel Levy the faithful performance of the said contract by said Joseph Dugue, contractor, and bind said Fidelity and Deposit Co. in favor of the said Samuel Levy, in the full and true sum of $7,500.00. Now the condition of the foregoing bond is such that, if the said Joseph Dugue, contractor, shall well and truly and faithfully do and perform all and singular the requirements of the foregoing contract, strictly in accordance with specifications and plans, and to the satisfaction of said Samuel Levy, owner, then the above written bond or obligation shall be null, void and of no effect, but otherwise to be and remain in full force and effect."

One of the requirements of the contract secured by the bond is, that Dugue bound himself "at his own cost, charge and expense, for all labor, material and other charges."

In Hughes vs. Smith, recently decided, the Supreme Court, in construing a bond substantially like the one in this case, said:

1st. "A building contractor's bond in favor of the owner and for the full amount of the contract price, conditioned that the contractor shall comply with all the conditions and perform all the undertakings stipulated, and pay off all claims for labor and materials of each and every description and hold the owner free for all time, is not such a bond as is required by Act 180 of 1894, to secure the payment of workmen, laborers and mechanics and the furnishers of supplies."

2nd. "Such statutory bond should be to the full amount of the contract to secure the payment of the classes of persons mentioned

in the statute, and the beneficiaries should be designated with reasonable certainty as the obligees of the instrument. A bond *absolutely* in favor of the owner does not meet the statutory requirements, where it does not plainly appear that the surety intended to bind himself to the full amount of the beneficiaries of the statute."

In accordance with the foregoing, we must now hold that Levy did not give the bond required by the statute, and is, in consequence, personally liable to the plaintiff for the amount of materials shown to have been used in the building. It was fixed by the lower Court at the sum of $106.00, and must remain, the plaintiff not having asked for an increase. The amount awarded against Dugue is correct, and his claim that he was never put in default is not tenable. He was repeatedly requested to receive the materials he had ordered and which, he was informed, were held subject to his instructions; in reply he would ask to be indulged in the matter, as the work on the building had ceased. Though he promised to notify plaintiff when he would be ready to receive the materials, he never did so. The work having subsequently permanently stopped, it was useless to make delivery at its *locus,* and we think that Dugue by word and deed acquiesced in plaintiff's retention of the materials until he called for them. He must pay the price, but the judgment condemning him to do so should have afforded him protection by making such payment contingent upon delivery.

The judgment in favor of Levy against the Surety Co. on his call in warranty, is erroneous.

The obligations of the latter were merely to guarantee Dugue's faithful performance of his contract. In Dugue vs. Levy, recently decided, the Supreme Court, in passing on the very contract involved here, found that "plaintiff (Dugue) was not in default and that defendant (Levy) was in default, and that the act of defendant (Levy) in taking the work out of the hands of the plaintiff (Dugue) can be viewed in no other light than as an

exercise of the proprietor to put an end to the building contract at any time, under Art. 2765, C. C."

The Court goes on to say that Dugue is entitled to recover the value of the materials for which he has paid or for which he owes. It is clear that Levy cannot, under the ruling, hold Dugue's surety for the consequence of his own act, but he will doubtless be protected when the final accounting is had between Dugue and himself, in the suit just referred to remanded by the Supreme Court for further evidence as to damages.

The judgment is amended so as to read as follows:

It is ordered, adjudged and decreed that there be judgment in favor of plaintiff, the L'hote Lumber Manufacturing Company, and against the defendant, Joseph Dugue, for the sum of Nine Hundred and Thirty-three 75-100 Dollars (933.75), with 5 per cent. interest from June 20th, 1900, until paid, provided that execution on said judgment shall not issue except upon the order of the Court a qua on summary proceeding taken contradictorily with said Dugue, showing the material under the contract to have been delivered.

It is further ordered that there be judgment in favor of the plaintiff, the L'hote Lumber Company, and against the defendant, Samuel Levy, for the sum of One Hundred and Six Dollars ($106.00), with 5 per cent. interest per annum from June 20th, 1900, until paid, the defendants to pay costs.

It is further ordered that the demand in warranty of Levy, against the Fidelity and Surety Company, be rejected at his costs.

As amended, the judgment is affirmed, appellee to pay costs of appeal.

April 3rd, 1905.

ON APPLICATION FOR REHEARING AND FOR AMENDMENT OF DECREE.

DUFOUR, J. The rehearing is refused, but our previous decree is amended so as to read as follows:

It is ordered, adjudged and decreed that there be judgment in favor of plaintiff, the L'hote Lumber Manufacturing Company, and against the defendant, Joseph Dugue, for the sum of Nine Hundred and Thirty-three 75-100 Dollars ($933.75), with interest at the rate of five per cent. per annum from June 20th, 1900, until paid, provided that execution of this judgment shall not issue until the plaintiff shall have made a tender at their mill of the balance of the materials to be delivered under the contract, and after the said Dugue shall have failed at the time and place of said tender to accept and pay for said materials as a condition precedent to his right of requiring delivery to him.

It is further ordered that there be judgment in favor of the plaintiff, the L'hote Lumber Manufacturing Company, and against the defendant, Samuel Levy, for the sum of One Hundred and Six Dollars ($106.00), with interest at the rate of five per cent. per annum from June 20th, 1900, until paid, the defendant to pay costs.

It is further ordered that the demand in warranty of Levy against the Fidelity and Surety Company be rejected at his cost.

It is further ordered that, as amended, the judgment be affirmed, appellee to pay costs of appeal incurred by Joseph Dugue.

April 19th, 1905.

Writ granted by Supreme Court, June 16, 1905.